Original

United States District Court
District of Arizona



FILED ___ LODGED
✓ RECEIVED ___ COPY

MAR 23 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Fernando Bustillo,
    Plaintiff,

-vs-

Unknown [M.] Beacon,
J. Ryan, [M.] Norgren,
Pam,
    Defendants.

Civ. No. 18-00039-TUC-CKJ(PSOT)

## Motion For A Preliminary Injunction

Plaintiff pro se, Fernando Bustillo, respectfully moves this Honorable Court to issue an Injunction pursuant to Rule 65(d), Fed. Rules Civ. P., prohibiting the defendants, and all other parties, agents, servants, and employees, nurses, guards, from double celling plaintiff due primarily to his present medical and physical condition, and to take any other action intended to prevent, impede, hinder, or obstruct the act of relieving himself of bodily waste, and to dispose of excrement in a normal clean and hygienic itsway by flushing it down the toilet bowel for the reasons stated below.

Plaintiff suffers from cirrhosis of the liver and must take medication Lactulose Soln. twice daily, morning and afternoon to induce a normal bowel movement. In addition, his colon has been partly

removed and what remained due to cancer has been resectioned during April 2007 or 2008 at Butner North Carolina. Plaintiff must wear a stomahesive, wafer, with flexible collar bag that fits into the wafer taped to the stoma on the left lower stomach that catches feces as the fecal matter is ejected or excreted. As the plastic bag fills with feces plaintiff must empty the bag at least four times daily, and must have unimpeded access to the toilet bowel to empty the bag, wash it with soap and water and attach another clean bag to the stomahesive as the fecal matter continues to be ejected for at least half a day. Now if plaintiff cellmate is using the toilet bowel to relieve himself by sitting on the toilet bowel plaintiff has a serious problem and must have another way of disposing of the feces being ejected. Plaintiff has been told several times not to use the showers to deposit and empty the colostomy bag of feces, but he has no other choice. If the colostomy bag continues to fill with feces and overflows it falls to the cell floor or some other area throughout the institution and plaintiff will have feces all over his lower body, legs and feet and everyone, staff and prisoners, will flee from him. That's the main and principle reason plaintiff is entitled to a single cell or single cell status to possessed unimpeded access to toilet bowel and sink to live a clean and healthy existence. He cannot do so if prison officials double cell him and force him to live with a cellmate that must also relieve himself of bodily waste although in the normal manner by sitting on the toilet bowel. This court must take immediate action and direct prison officials to provide plaintiff single cell status so he can relieve himself of bodily waste in a humane and clean manner.

### The Denial of Colostomy Supplies

Plaintiff is also being presently denied colostomy supplies by defendant Ryan and the majority of prison nurses, male and female, working the day and afternoon shift. These abusive, racist prison nurses enjoy denying plaintiff adhesive remover pads. Plaintiff uses and wears a stomahesive,

-2-

wafer, four inches, 102mm, which is still too small for plaintiff's stoma, but it is the biggest wafer stocked by the institution. This size wafer leaves a lot of glue on the area surrounding the stoma, but it is the biggest wafer stocked by the institution. This size wafer leaves a lot of glue on the area surrounding the stoma upon being removed to replace it with a new wafer, an area that must be cleaned and sanitized thoroughly before replacing the used, soiled wafer, which includes using adhesive remover pads to remove the glue residue. Failure to use adhesive remover pads to remove the old, soiled wafer can result in serious injury to that area caused by peeling the skin and bleeding which is Ryan's intent. Ryan has been attempting to injure plaintiff under a smoke screen of "providing" and denying him the correct size wafers and adhesive remover pads since he was admitted to USP Tucson in violation of the Eighty Amendment.

The institution, the majority of guards, wardens, and particularly the mailroom supervisor, a Ms. ___ Molinar, have declared and are presently using an unlawful practice, intended to impede, hinder, discourage and prevent plaintiff from meeting court imposed deadlines of ten or fifteen days by requiring labels to be used on outgoing legal mail addressed to the Federal Courts. All guards working the mailroom have been refusing to mail plaintiff's outgoing legal mail addressed to the federal courts unless it has a label affixed to the outside of the envelope showing address and addressee. The Program Statement, Legal Activities, Inmate 1315.07, dated November 5, 1999 does not require labels showing address and addressee, just a proper address, and that Program Statement controls.

Thus plaintiff is also being denied, impeded, hindered, and obstructed in reaching the federal courts periodically by the guards working the mailroom and defendant Molinar, who soon will become a defendant.

## A Sound Basis Exists Here For Preliminary Injunctive Relief

If this Court has any doubts, legal or otherwise, about granting plaintiff the Injunctive Relief sought, it should set or schedule a prompt hearing the instant request for a preliminary injunction. In fact, prison officials should be permanently enjoined from double celling plaintiff and to take any action to prevent him to relieve himself of bodily waste, and to dispose of excrement in a normal hygienic manner. Clearly, unless this Court enjoins the unlawful conduct alleged here in this motion, the plaintiff will have no remedy at law for the deprivation of his statutory and constitutional rights to relieve himself of excrement and dispose of the waste in a clean, healthy manner. Plaintiff will clearly suffer living a nasty existence, including the possibility of contracting a serious disease or determining the safety of his present nasty existence.

Rule 65 is purely procedural, and does not state when injunctions may be granted, but only specifies the procedures for obtaining them. The traditional equitable principles that authorize injunctive relief include: Irreparable harm; 2) likelihood of success on the merits; 3) balancing relative hardship of parties; 4) effect on the public interests. Courts have given considerable weight to the policies of Congress, the executive branch, and the local governments. See, e.g., Winter v. NRDC, 555 U.S. 7, 127 S.Ct. 305, 172 L.Ed.2d 249, 261 (2008). ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interests.") See, e.g., Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-1135 (9th Cir. 2010); Farris v. Seabrook, 677 F.3d 858, 864 (9th Cir. 2012); Brown v. Chote, 411 U.S. 452, 456, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973). (likelihood that movant will succeed on the merits and possibility that without injunction movant will suffer irreparable harm weigh heaviest in the analysis).

-4-

## Conclusion

Unless this Court enters an Injunction compelling the defendants, particularly Unit Manager M. Beacon, to cease double celling plaintiff he will suffer a nasty existence, including the possibility of catching a serious disease and being hospitalized. Injunctive Relief should issue immediately to insure that plaintiff relieves himself in a clean and healthy manner, and disposes of the waste without being impeded by any other prisoner as a result of single-cell status.

Dtd: 3-12-18

Respectfully submitted,

Ricardo Bustillo

Ricardo Bustillo
Reg. No. 02530-051
United States Penitentiary, Tucson, Arizona
P.O. Box 24550
Tucson, Arizona 85734

## Proof of Service

As soon as the United States Attorney or his Assistant becomes an active participant in the instant case plaintiff will mail a true and complete copy of the instant Motion for A Preliminary Injunction.

*Fernando Bustillo*
Fernando Bustillo
Reg. No. 02530051
United States Penitentiary, Tucson, Arizona
P.O. Box 24550
Tucson, Arizona 85734