United States District Court
District of Arizona

Fernando Bustillo,
    Plaintiff,

-vs-

M. Beacon, J. Ryan, M. Norgman, D. Flores, A. Ash, M.D.
    Defendants.

Case No. 18-00039-TUC-CKJ (PSOT)

FILED
JUL 30 2018
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

## Motion for a Preliminary Injunction

Plaintiff pro se, Fernando Bustillo, respectfully moves the Court to issue a Preliminary Injunction pursuant to Rule 65(d), Fed Rules Civ. P., prohibiting the defendants and all other parties, agents, prison nurses, guards, from denying plaintiff colostomy supplies, wafers, the part that tapes to the stoma, adhesive remover, skin barrier pads, tape, and any other medical item needed to dispose of fecal waste, for the reasons stated below.

Plaintiff suffers from cirrhosis of the liver, and must take medication twice daily to induce a normal bowel movement. Plaintiff's

colon has been partly removed and what remained has been resectioned. Plaintiff must wear a stomahesive or wafer and colostomy bag so he can relieve himself of bodily waste.

The institution medical staff, S. England, the nursing supervisor, orders and buys defective colostomy items, particularly wafers or stomahesives because they are less expensive. These defective wafers when produced did not taped or glue the layers of plastic properly, and when used come apart causing feces to leak down plaintiff's legs. Some of these defective wafers have been sitting on shelfs for years and have lost the adhesive ability similarly causing fecal matter to leak down plaintiff's legs. As a result of these defective wafers being forced upon plaintiff he has to change quite frequently and prison nurses, particularly R. Estrada, F. Williams, and others imposed severe limitation on the quantity of wafers available to plaintiff. These abusive prison nurses refused to recognized that the colostomy wafers purchased by S. England are in fact defective and are denying plaintiff access to sufficient wafers so he can live a healthy existence. Estrada, F. Williams, and the majority of female and male prison nurses, are not yet defendants in this action, but will soon become named parties for refusing to recognized that defective colostomy items being forced upon plaintiff cannot last as long as non-defective ones in addition to leaking feces down plaintiff's left leg which violates the Eighth Amendment.

Secondly, medical staff, particularly S. England, has directed that plaintiff can possess two spray bottles, a medical waste container, for ostomy care, and defendant D. Flores, is denying

-2-

plaintiff these items of ostomy care, allowing plaintiff only one spray bottle. Plaintiff needs two spray bottles for ostomy care, one filled with liquid soap to cleanse the stoma, and one filled with water to rinse. See Exhibit 1 Attached hereto, a true and correct copy of the Medical Duty Status form.

The majority of prison nurses, Estrada, F. Williams, and others male and female, deny plaintiff adhesive remover pads and skin barrier pads, primarily, to save money and render the cost of ostomy care less expensive. However, a four inch wafer covers a large area and upon removing it to replaced it with a new wafer a lot of glue and other gummy substances are left behind that have to be removed by using adhesive remover pads. On the other hand a serious injury can also result if the skin surrounding the stoma is peeled off or broken upon pulling the used wafer off to replaced it, with a new one if one is denied adhesive remover pads.

While the protective barrier wipes are used to create a protective barrier between the skin and the wafer taped to the stoma for easy removal without causing injury to the immediate area surrounding the stoma. If one is denied these protective barrier wipes upon removing the used wafer to replaced it with a new clean wafer serious injury can result by peeling or pulling the skin that will force that will force replacement of a new wafer upon an injured area that can result in a serious infection.

### Defendant D. Flores Interferences.

On July 6, 2018 plaintiff was provided a Medical Duty status form that lists the medical items he can possessed in his cell to aid

-3-

in colostomy hygiene. Plaintiff can possessed two spray bottles for ostomy care, a medical waste container, and other items not in dispute here. See Exhibit 1 attached hereto, the Medical Duty Status form. However, defendant Flores is denying plaintiff two spray bottles and the medical waste container for no apparent reason other than to exercise his abusive character. The abuse has been brought to the attention of Unit Manager Beacon and has been similarly ignored. There exist no valid security or other reasons justifying Unit counselor Flores' decision to interfere with the decisions and actions of medical staff. Plaintiff is certainly entitled to those medical items to maintain proper hygiene of his colostomy condition.

### Denying Plaintiff Sufficient Toilet Paper

The defendants, Beacon and Flores, pass out two rolls of toilet paper once a week to all prisoners regardless of medical conditions. A normal prisoner relieves himself of bodily waste twice or sometimes three times during the day depending on how much food and the types of food he consumed.

In plaintiff's case, the act of relieving himself of bodily waste is lengthy because his colon has been removed and what remained has been resectioned stretching at least half a day and sometimes longer requiring plenty of toilet paper to clean himself and the entire stoma. The defendants refused to comprehend this situation and assumed that plaintiff requires the same amount of toilet paper as a normal prisoner. Only a person that is burdened with a colostomy condition knows how much toilet paper he or she needs to maintain proper hygiene during the time that person relieves himself of waste. The assumption is

unfounded in facts and plaintiff should be provided sufficient toilet paper to meet his physical-medical needs. Failure to do so clearly violates the Eighth Amendment.

### Plaintiff Is Clearly Entitled To Preliminary Injunctive Relief

If this Court has any doubts, legal or factual, about granting plaintiff the Injunctive Relief sought here it should set on schedule a prompt hearing. There exist no valid reasons, legal or factual, allowing prison officials to deny plaintiff colostomy supplies, even though these supplies are defective.

Rule 65 is purely procedural and does not state when Injunctions may be granted, but only specifies the procedures for obtaining them. The traditional equitable principles that authorize injunctive relief include: 1) Irreparable harm; 2) likelihood of success on the merits; 3) balancing relative hardships of parties; 4) effect on the public interests. Federal Courts have given considerable weight to the policies of Congress, the executive branch, and the local governments. See, e.g., Winter v. NRDC, 555 U.S. 7, 127 S.Ct. 305, 172 L.Ed.2d 249, 261 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interests"). See also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2010); Farris v. Seabrook, 677 F.3d 858, 864 (9th Cir. 2012); Buaswu v. Chote, 411 U.S. 452, 456, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973) (likelihood that movant will succeed on the merits and possibility that without injunction movant will suffer

irreparable harm weigh heaviest in the analysis).

## Conclusion

Unless this Court enters an Injunction compelling the defendants, particularly Unit Manager M. Berego, Counselor Flores, as well as medical staff to supply plaintiff colostomy items as needed, cease interfering with the medical treatment prescribed; render the necessary medical treatment required pursuant to present legal standards, plaintiff will continue to suffer in a very inhumane context.

Date: 7-25-18

Respectfully submitted,

Fernando Bustillo

Fernando Bustillo
Reg. No. 02530-051
United States Penitentiary, Tucson, Az.
P.O. Box 24550
Tucson, Arizona 85734

Proof of Service

On July 25, 2018, plaintiff Fernando Bustillo served a true and correct copy of the instant Motion For a Preliminary Injunction to all named defendants Lorenz, M. Beacon, J. Ryan, M. Morgan, D. Flores, A. Ash, M.D., by giving the motion to prison officials for mailing.

Fernando Bustillo
Fernando Bustillo
Reg. No. 02530051
U.S. Penitentiary Tucson, AZ.
P.O. Box 24550
Tucson, Arizona 85734

# Bureau of Prisons
# Health Services
# Medical Duty Status

Reg #: 02530-051    Inmate Name: BUSTILLOS, FERNANDO PEREZ

### Housing:

- __ confined to the living quarters except __ meals __ pill line __ treatments    Exp. Date: _____
- __ on complete bed rest: __ bathroom privileges only    Exp. Date: _____
- **X** cell: **X** cell on first floor __ single cell **X** lower bunk __ airborne infection isolation    Exp. Date: 12/08/2020
- **X** other: 6 pair diabetic socks dispensed 12-20-17 AA    Exp. Date: _____

### Physical Limitation/Restriction:

- __ all sports    Exp. Date: _____
- __ weightlifting: __ upper body __ lower body    Exp. Date: _____
- __ cardiovascular exercise: __ running __ jogging __ walking __ softball    Exp. Date: _____
  __ football __ basketball __ handball __ stationary equipment
- **X** other: Cannot work as food handler until determined to have adequate hygiene.    Exp. Date: 12/31/2019
  A. Ash, MD

### May have the following equipment in his/her possession:

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Medical Shoes | 05/02/2018 | 05/02/2020 | |
| New Balance MW577, size 9.5, width D, black | | | |
| Compression garment - leg | 05/02/2018 | 05/02/2019 | |
| Sigarvis LS 20-30 mmHg | | | |
| Medical Waste Container | 04/04/2017 | 04/04/2018 | |
| The patient may keep 2 empty spray bottles in his room for ostomy care. | | | |
| Compression garment - leg | 12/02/2014 | | |
| Exchange in 1 year. Xlg knee high 15-20mg | | | |

### Work Restriction/Limitation:

Cleared for Food Service: No

| Restriction | Expiration Date |
|---|---|
| No Upper Bunk | 12/31/2018 |

**Comments:** Colostomy bags, Hollister brand, wafer #3706 with bag, Hollister brand #3806

England, S. HSA    06/13/2018
Health Services Staff    Date

Inmate Name: BUSTILLOS, FERNANDO PEREZ    Reg #: 02530-051    Quarters: A01

ALL EXPIRATION DATES ARE AT 24:00

Exhibit 1