United States District Court
District of Arizona

Fernando Bustillo,
    Plaintiff,

-vs-

Civ. No. 18-00039-TUC-CKJ

M. Beacon, et al.,
    Defendants.

## Second Motion To Vacate Order Dismissing Case

Plaintiff pro se, Fernando Bustillo, respectfully moves this Court to vacate its most recent Court Order, Doc#20-1, filed July 30, 2018, for the reasons stated below.

1. This Court bases its most recent decision to summarily dismiss plaintiff's complaint due to plaintiff's alleged failure to either pay the filing fees or submit an application to proceed In Forma Pauperis within 30 days as stated in the Court Order filed and dated May 30, 2018.

2. This is the second time that plaintiff has been forced to submit an application to proceed In Forma Pauperis, only to have Unit Manager M. Beacon and Unit Counselor D. Flores confiscate it and destroy it to manipulate a dismissal. Failure to punish both corrupted guards

means in reality that either the district court invites the interferences, tolerates the abuse, and does not want plaintiff in the district court.

3. Plaintiff complied with the district court's order dated May 30, 2018, Doc.#17-1, in every respect, and there again, if prison officials undoubtedly supported by present Warden R.L. Rhodes, decide to impede, hinder, and prevent the litigation by confiscating and destroying key documents, lying to the court, the struggle can only intensify, and sooner or later, plaintiff will have his claims in court, and properly adjudicated.

4. As ordered by the district court, another request to Unit Manager M. Bezerra and Unit Counselor D. Flores requesting a certified trust account statement has been made several times. Both guards were also ordered to provide the district court with a copy of "plaintiff's certified trust account statement and shall not impede plaintiff from doing so." So the present court order, Doc.#20-1, filed July 30, 2018, is totally confusing signed by deputy clerks, which is improper and is not a valid court order. See 28 USC §956, defining the duties of federal court clerk.

5. For the district court judge assigned to this case to allow such unlawful behavior also means that the presiding judge does not intend to deal with the case pursuant to applicable legal standards and should recuse herself forthwith. Failure to do so forces plaintiff to burden the Ninth Circuit with a Petition For A Writ of Mandamus.

For the foregoing reasons the disputed Judgment In A Civil Case, Doc. 20-1 should be vacated, totally dismissed, and the case reopened

-2-

forthwith.

Dated: 8-6-18

Respectfully submitted,

*Fernando Bustillo*
Fernando Bustillo
Reg. No. 02530-051
U.S. Penitentiary Tucson, Az.
P.O. Box 24550
Tucson, Arizona 85734

## Proof of Service

As soon as the United States Attorney or his Assistant becomes an active participant in the instant case plaintiff will mail a true and correct copy of the instant second motion to vacate order dismissing case.

*Fernando Bustillo*
Fernando Bustillo

## Verification

Pursuant to 28 U.S.C. § 1746, I verify and state under penalty of perjury that the statements stated above are true and correct.

*Fernando Bustillo*
Fernando Bustillo



Fernando Bustillo
Reg. No. 00523-025
United States Penitentiary Tucson, AZ
P.O. Box 24550
Tucson, Arizona 85734

RECEIVED
AUG 10 2018

02530-051
U S District Court
405 W Congress ST
Tucson, AZ 85701-5010
United States

PHOENIX AZ 852
08 AUG 2018 PM 8 L

85701-509899