**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Bustillo,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Beacon, et al.,<br><br>    Defendants. | No. CV-18-00039-TUC-CKJ<br><br>**ORDER** |

Before the Court is Plaintiff Fernando Bustillo's Fifth Amended Complaint. (Doc. 53) For the following reasons, the Court orders Defendants Ryan, Norgren, Ash, Fellows, and Brockamontez to answer portions of Counts I-IV, and VII and dismisses the remaining claims and Defendants without prejudice, unless otherwise stated.

## PROCEDURAL HISTORY

On September 7, 2018, the Court issued its Screening Order of Plaintiff's First Amended Complaint. (Doc. 24) On June 12, 2019, the Court issued its Screening Order of Plaintiff's Fourth Amended Complaint dismissing the Complaint and granting Plaintiff leave to file a Fifth Amended Complaint. (Doc. 48) On August 12, 2019, Plaintiff filed his Fifth Amended Complaint. (Doc. 53) This Order follows.

## LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.

28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2).

A pleading must contain a "short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Federal Rule of Civil Procedure 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true to state a claim that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other more likely explanations for a defendant's conduct. *Id.* at 681.

To state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff must allege that he suffered a specific injury as a result of a defendant's specific conduct and show an affirmative link between the injury and the conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Although pro se pleadings are liberally construed, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

## COMPLAINT SUMMARY

Fifth Amended Complaint

Plaintiff's Fifth Amended Complaint supersedes all prior complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding a "well-established doctrine that an amended pleading supersedes the original pleading"). After amendment, the Court treats the prior complaint as nonexistent. *Id.* (citation omitted). As such, the Court will consider only those claims raised in Plaintiff's Fifth Amended Complaint against only those Defendants named therein.

In his seven-count Fifth Amended Complaint, Plaintiff seeks injunctive relief, monetary damages, and return of personal property from the following Defendants: (i) nurse's aide J. Ryan; (ii) nurse M. Norgren; (iii) unknown warden's office; (iv) unknown medical staff; (v) Dr. Ash; (vi) pharmacist J. Kavanaugh; (vii) unknown pharmacists; (viii) correctional officer A. Fellows; (ix) unknown correctional officers; and (x) correctional officer J. Brockamontez.

**A. Count I**

In Count I of Plaintiff's Fifth Amended Complaint, Plaintiff complains that he was deliberately denied properly sized colostomy items by Defendant J. Ryan, a nurse's aide at USP Tucson. (Doc. 53 at 3). Plaintiff alleges that he was forced to use a small wafer to cover his wound, which leaked feces down his legs everywhere he walked throughout the institution. *Id.* Plaintiff adds that Defendant Ryan found this to be funny in violation of the Eighth Amendment to the Constitution. *Id.* Plaintiff also contends that Defendant Ryan continues to deny him colostomy items, particularly adhesive remover pads. *Id.* Plaintiff asserts Defendant Ryan is a racist and that she demands that he return to Mexico

even though he is an American citizen. *Id.*

### B. Count II

In Count II of Plaintiff's Fifth Amended Complaint, Plaintiff complains that on or around January 4, 2018, Defendant nurse M. Norgen attempted to murder him by injecting him with a virus while purporting to give him an insulin injection. (Doc. 53 at 4) Plaintiff states that he was seventy-three years old at the time, and that viruses can be fatal to an old man. *Id.* Plaintiff alleges that after inoculation he became feverish and was bedridden for weeks. *Id.* Plaintiff contends that Defendant Norgren not only failed to be punished for her behavior, but that she was encouraged and supported by the warden's office and medical staff in violation of his constitutional rights. *Id.* Plaintiff also asserts Defendant Norgren continues to deny him insulin, even the deficient dose prescribed by Defendant Dr. Ash. *Id.*

### C. Count III

In Count III of Plaintiff's Fifth Amended Complaint, Plaintiff again complains that he was denied proper doses of insulin. *Id.* at 5. Plaintiff alleges that in June 2019, Defendant Dr. Ash removed him from a sliding-scale insulin regimen and prescribed a fixed quantity of insulin regardless of his blood-sugar levels. *Id.* This behavior, Plaintiff argues, can cause him serious harm, including a stroke or heart attack. *Id.* Plaintiff concludes that Defendant Ash's decision to place him on a fixed quantity of insulin constitutes attempted murder. *Id.* In addition to trying to kill him, Plaintiff contends Defendant Ash instructed the guards to confiscate his medical shoes and medical waste container. *Id.* Plaintiff also alleges that Defendant Ash ignored his severe hernia condition and refused to examine his injured right ankle in violation of the Eighth Amendment. *Id.* Lastly, Plaintiff asserts Defendant Ash refused to prescribe medication for his enlarged prostate, which now causes him to urinate every 10-to-15 minutes. *Id.*

### D. Count IV

In Count IV of Plaintiff's Fifth Amended Complaint, Plaintiff complains that on September 24, 2018, Defendant guard A. Fellows, and other unknown correctional officers,

confiscated a number of his prescription medications and ointments in violation of his Eighth Amendment rights. (Doc. 53 at 7) Plaintiff alleges that because of the guards' actions, he had to go several weeks without the necessary prescriptions until the pharmacy was able to reissue them. *Id.*

### E. Count V

In Count V of Plaintiff's Fifth Amended Complaint, Plaintiff complains that after September 24, 2018, all assigned pharmacists, including pharmacist J. Kavanaugh, routinely denied prescription refills until he filed a lawsuit. *Id.* at 8. Plaintiff states that being denied prescribed medication forces one to live a painful existence and can lead to other diseases. *Id.*

### F. Count VI

In Count VI of Plaintiff's Fifth Amended Complaint, Plaintiff complains that on or about July 9, 2018, Defendant guard J. Brockamontez confiscated and destroyed various personal property items, including a toothbrush holder, ink pens, and Gillette razors. (Doc. 53 at 9) Plaintiff asserts that the confiscation of his personal property forces him to replace the items and prevents the exercise of personal hygiene and the ability to live a normal existence. *Id.*

### G. Count VII

In Count VII of Plaintiff's Fifth Amended Complaint, Plaintiff complains that Defendant Brockamontez also ignored his single cell status and forced another inmate to reside with him in his cell. (Doc. 53 at 10) Plaintiff alleges that when he fell asleep, his cellmate assaulted him causing serious injuries that required medical treatment and hospitalization for several days. *Id.*

## ANALYSIS

<u>Inadequate Medical Treatment</u>

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a § 1983 or *Bivens* medical claim, a plaintiff must show (1) a "serious medical need by

demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain[,]" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks and citation omitted).

Deliberate indifference is a higher legal standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Broughton v. Cutter Lab'y's.*, 622 F.2d 458, 460 (9th Cir. 1980) (observing "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support a cause of action" under section 1983). To act with deliberate indifference, a prison official must both "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05. "A difference of opinion does not amount to deliberate indifference[.]" *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The indifference must be substantial, *Broughton*, 622 F.2d at 460, and the action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Property Claims

Unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Bureau of Prisons' ("BOP") administrative remedy program provides such a remedy for conduct by BOP employees. *See* 28 C.F.R. § 542.10 *et seq.* (2020).

**1. Count One**

Plaintiff states an Eighth Amendment claim against Defendant Ryan concerning the deliberate denial of properly sized colostomy supplies. Defendant Ryan shall answer this portion of Count One.

As to Plaintiff's contention that Defendant Ryan verbally harassed him, Plaintiff fails to state a cognizable claim. *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (citation omitted) (reiterating that the Ninth Circuit is "fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons[;]" and finding that verbal insults "do not rise to the level of an Eighth Amendment violation"). The portion of Count One that addresses verbal insults is dismissed with prejudice.

### 2. Count Two

Plaintiff states an Eighth Amendment claim against Defendant Norgren for the deliberate denial of insulin and the intentional injection of a virus on or about January 4, 2018. Defendant Norgren shall answer these portions of Count Two.

As to Plaintiff's contention that unknown warden's office personnel and medical staff were deliberately indifferent to his harmful inoculation, Plaintiff omits crucial facts that would allow the Court to draw the reasonable inference that others were aware of, and turned a blind eye to, Defendant Norgren's alleged viral injection. The Court dismisses the portion of Count Two that concerns this allegation without prejudice.

### 3. Count Three

Plaintiff states an Eighth Amendment claim against Defendant Ash for the insufficient prescription of insulin. Defendant Ash shall answer this portion of Count Three.

As to Plaintiff's contention that Defendant Ash directed guards to confiscate Plaintiff's medical supplies, Plaintiff fails to allege that this behavior constituted deliberate indifference to a serious medical condition. Plaintiff also fails to allege that this action resulted in an injury. The Court dismisses the portion of Count Three that concerns this allegation without prejudice.

As to Plaintiff's contention that Defendant Ash ignored Plaintiff's severe hernia condition and never looked at it, Plaintiff fails to allege sufficient facts for the Court to draw the reasonable inference that Defendant Ash was aware of, and deliberately

indifferent to, this medical condition. The same goes for Plaintiff's allegations that Dr. Ash refused to examine his injured right ankle and failed to prescribe medication for his enlarged prostate. The Court dismisses the portions of Count Three that concern these allegations without prejudice.

### 4. Count Four

Plaintiff states Eighth Amendment claims against Defendant Fellows and unknown correctional officers for the intentional destruction of his prescription medication. Defendant Fellows shall answer this portion of Count Four.

### 5. Count Five

Plaintiff fails to state a claim against Defendant Kavanaugh and other unknown pharmacists for the denial of prescription refills, as he fails to allege sufficient facts for the Court to draw the reasonable inference that Defendant Kavanaugh, and others, were deliberately indifferent to a serious medical condition. The Court dismisses Count Five without prejudice.

### 6. Count Six

Plaintiff fails to state a claim for a constitutional violation against Defendant Brockamontez, as he fails to allege a constitutional right to the confiscated personal items or provide sufficient facts for the Court to draw the reasonable inference that Defendant Brockamontez failed to adhere to Plaintiff's procedural due process rights under the Fifth Amendment. The Court dismisses Count Six without prejudice.

### 7. Count Seven

Plaintiff states an Eighth Amendment deliberate indifference to inmate health or safety claim against Defendant Brockamontez. Defendant Brockamontez shall answer this portion of Count Seven.

## WARNINGS

### A. Release

Since Plaintiff has been permitted to proceed *in forma pauperis*, if he is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must,

within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (instructing that a district court may dismiss an action for failure to comply with any order of the court).

**IT IS ORDERED:**

1. Counts Five and Six of Plaintiff's Fifth Amended Complaint are DISMISSED without prejudice.

2. Defendants Kavanaugh, unknown pharmacists, unknown medical staff, and unknown warden's office personnel are DISMISSED without prejudice.

3. Defendant Ryan must answer the portion of Count One concerning the deliberate denial of properly sized colostomy supplies; Defendant Norgren must answer the portion of Count Two concerning the deliberate denial of insulin and the intentional

injection of a virus on or about January 4, 2018; Defendant Ash must answer the portion of Count Three concerning the insufficient prescription of insulin; Defendant Fellows must answer the portion of Count Four concerning the intentional destruction of Plaintiff's prescription medication; and Defendant Brockamontez must answer the portion of Count Seven concerning Plaintiff's deliberate indifference to inmate health or safety claim.

4. The Clerk of Court must send Plaintiff a service packet including a copy of his Fifth Amended Complaint, this Order, and summons forms for Defendants Ash, Fellows, and Brockamontez.[1]

5. Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

6. If Plaintiff does not complete service of the Summons and Fifth Amended Complaint on a Defendant within 60 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

7. The United States Marshal must retain the Summons, a copy of the Fifth Amended Complaint, and a copy of this Order for future use.

8. The United States Marshal must, for Defendants Ash, Fellows, and Brockamontez, personally serve a copy of the Summons, Fifth Amended Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(3) of the Federal Rules of Civil Procedure.

9. The Clerk of Court must send by certified mail a copy of the Summons for each individual Defendant, the Fifth Amended Complaint, and this Order to: (1) the civil process clerk at the office of the United States Attorney for the District of Arizona, and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

10. Defendants Ryan, Norgren, Ash, Fellows, and Brockamontez must answer the relevant portions of the Fifth Amended Complaint or otherwise respond by appropriate

---

[1] Defendants Ryan and Norgren were served with Summons on December 27, 2018. (Docs. 39, 40)

motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

11. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 22nd day of September, 2020.

_____
Honorable Cindy K. Jorgenson
United States District Judge